## 31304. ROPER *v.* THE STATE.

GARDNER, J. The defendant was convicted of distilling and manufacturing intoxicating liquors. On the trial and under his plea of not guilty and during his statement to the jury, he admitted the manufacture of liquor, but confined his contention for a new trial to the admission of certain documentary evidence, over his objection, which he contends illegally influenced and prejudiced the jury to fix his sentence for a longer term in the penitentiary than they would have fixed except for the admission of this alleged illegal evidence. It appears from the evidence against the defendant that the officers found him in the illegal operation of a distillery, which consisted in part of a gasoline tank of an automobile, to which was attached a copper pipe as a condenser. The gasoline tank would hold about 12 or 14 gallons. Besides the beer which the defendant had in the gasoline tank, there were about 60 gallons in a barrel. The defendant had "run" one gallon of whisky. The court admitted, over the objection of the defendant: (1) a plea of guilty on an accusation in the City Court of Statesboro for the possession of unstamped whisky, dated October 9, 1944; (2) a plea of guilty on an accusation in the City Court of Statesboro for the possession of unstamped whisky dated July 9, 1945; (3) a plea of guilty on an accusation in the City Court of Statesboro for the possession of unstamped whisky, at the April term, 1942; (4) a verdict of guilty on an accusation in the City Court of Statesboro for possessing unstamped whisky, dated November 10, 1941. To the introduction of this testimony counsel for the defendant objected on the ground that the records were irrelevant and immaterial because the crimes alleged therein were for "the possessing of unstamped liquor, a misdemeanor," whereas the defendant was being tried in the instant case for a felony—the manufacturing of whisky; that the manufacturing of whisky was an entirely different type of offense and the records could not be offered by the State to show the bent of mind and motive of the defendant. After the admission of this testimony over such objection, counsel stated on the question: "Before going further, I want to ask the court to charge the jury or instruct them that the purpose of the admission of this testimony against the defendant and as to its value as evidence and for the lack of it, in order that the jury might understand the trend of the testimony. The solicitor said he was offering that to show motive and nothing further." The instructions of the court are not specified in the bill of exceptions as a part of the record material to a clear understanding of the case, and there is no charge of the court in the record. It must therefore be assumed that the court fully instructed the jury as to the purport of those former convictions, in compliance with the request of learned counsel for the defendant. The only question for this court to consider is whether the admission of these former convictions for the illegal possession of unstamped whisky amounts to reversible error. The general rule is that the admission of evidence of former convictions of similar crimes is admissible for the purpose of showing motive and the bent of the defendant's mind. This principle of law is conceded. While it is true that the defendant was convicted of illegally manufacturing

whisky, the proof of this offense in the instant case involved in it the offense of illegally possessing unstamped whisky. It seems clear to us that the former conviction of illegal possession of unstamped whisky had such a kindred relation to the illegal manufacturing of whisky that the evidence was admissible. The defendant in his statement told the jury that he "never did run over . . one gallon for my own self use." The jury were authorized to consider all pertinent testimony, both for the purpose of determining whether or not the defendant was guilty of the offense charged and for the purpose of furnishing all the facts and circumstances surrounding the defendant's activities in determining the period of punishment which he should receive at the hands of the jury and in order that he might be deterred as a further violator of the law. In this view we can find no reversible error for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 27, 1946.

*W. G. Neville,* for plaintiff in error.
*Fred T. Lanier, Solicitor-General,* contra.